```
 1  FRANKLIN BROCKWAY GOWDY,              MARTIN R. GLICK (No. 40187)
    SBN 47918                             SIMON J. FRANKEL (No. 171552)
 2  THOMAS D. KOHLER, SBN 207917          HOWARD RICE NEMEROVSKI CANADY
 3  MORGAN, LEWIS & BOCKIUS LLP              FALK & RABKIN
    One Market, Spear Street Tower        Three Embarcadero Center, 7th Floor
 4  San Francisco, CA 94105-1126          San Francisco, California 94111-4024
 5  Telephone: 415/442-1000               Telephone:  415/434-1600
    Facsimile: 415/442-1001               Facsimile:  415/217-5910
 6
    DAVID C. BOHRER, SBN 212397           MORTON AMSTER
 7  MICHAEL J. LYONS, SBN 202284          ANTHONY F. LO CICERO
 8  MORGAN, LEWIS & BOCKIUS LLP           CHARLES R. MACEDO
    2 Palo Alto Square                    AMSTER, ROTHSTEIN & EBENSTEIN LLP
 9  3000 El Camino Real, Suite 700        90 Park Avenue
    Palo Alto, CA 94306-2212              New York, New York  10016
10  Telephone: 650/843-4000               Telephone:  212/336-8000
11  Facsimile: 650/843-4001               Facsimile:  212/336-8001

12  Attorneys for Plaintiff and Counter-  Attorneys for Defendants and Counter-
13  defendant NIDEC CORPORATION           claimants VICTOR COMPANY OF JAPAN,
                                          LTD., and JVC COMPONENTS
14                                        (THAILAND) CO., LTD., and Defendants
15                                        AGILIS INC. (misidentified as "KABUSHIKI
                                          KAISHA AGILIS" in the Complaint), and
16                                        AGILIS TECHNOLOGY INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIDEC CORPORATION<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VICTOR COMPANY OF JAPAN, LTD.,<br>JVC COMPONENTS (THAILAND) CO.,<br>LTD., KABUSHIKI KAISHA AGILIS, and<br>AGILIS TECHNOLOGY INC.,<br><br>　　　　　Defendants. | Case No. C05 00686 SBA<br><br>STIPULATED PROTECTIVE ORDER ;<br>ORDER |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Examples of "Highly-Confidential – Attorneys' Eyes Only Information" include, but are not limited to: material concerning research, development, design, structure, operation and testing of prototypes and commercial products; financial

Stipulated Protective Order                              C05 00686 SBA

material including information concerning costs, profits, pricing, sales, and revenue; business organization charts; and material concerning intellectual property license agreements and negotiations.

      2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

      2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

      2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential- Attorneys' Eyes Only."

      2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

      2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

      2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

      2.11    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

      2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a current employee of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

      2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; interpreting; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. The Parties agree to treat as confidential any information produced by a third party in the same manner as if it were produced by a Party.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation

Stipulated Protective Order                     CO5 00686 SBA

5.2   **Manner and Timing of Designations.**  Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, then before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify either

Stipulated Protective Order                                CO5 00686 SBA

1  on the record, before the close of the deposition, hearing, or other proceeding, or in writing
2  up to 20 days after receiving notice from the reporter that the transcript is available for
3  review, all protected testimony, and further specify any portions of the testimony that qualify
4  as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of
5  the testimony that are appropriately designated for protection within the 20 days shall be
6  covered by the provisions of this Stipulated Protective Order. Counsel receiving such notice
7  shall be responsible for destroying any copies of any improperly designated transcript or
8  portion thereof in their possession or control upon the availability of the properly designated
9  transcript from the court reporter. Pending expiration of the 20 days, deposition transcripts
10 and exhibits not previously produced shall be treated as if they had been designated
   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."
11
            Transcript pages containing Protected Material must be separately
12 bound by the court reporter, who must affix on each such page the legend
13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as
14 instructed by the Party or non-party offering or sponsoring the witness or presenting the
15 testimony.
16          (c) <u>for information produced in some form other than documentary, and
17 for any other tangible items</u>, that the Producing Party affix in a prominent place on the
18 exterior of the container or containers in which the information or item is stored the legend
19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If
20 only portions of the information or item warrant protection, the Producing Party, to the
21 extent practicable, shall identify the protected portions, specifying whether they qualify as
22 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."
23          (d) For written discovery responses, by placing an appropriate legend on
24 each page of the documents, or by providing any portion thereof containing designated
25 information in a separate document, appended to the main body of the response and
26 incorporated by reference therein;
27          (e) For declarations or pleadings, by placing an appropriate legend on the
28                    Stipulated Protective Order                    C05 00686 SBA

1 | face of any such declaration or pleading; and

2 |     (f) For oral disclosures (other than paragraph 5.2(b) above), by oral communication contemporaneous with the disclosure followed by confirmation in writing within 7 calendar days of the disclosure thereof.

    (g) Consistent with the custom and practice of the Northern District of California, the parties will provide redacted public versions of all filings which include material filed under seal.

    5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as

Stipulated Protective Order                                    CO5 00686 SBA

311267.1
1-PA/3549853.2                                    8

well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c) Experts (as defined in this Stipulated Protective Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed and employees of such Expert to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (g) the author of the document or the original source of the information or a recipient as indicated on the document.

    7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) Experts (as defined in this Stipulated Protective Order) (1) to whom

disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed and employees of such Expert to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) the Court and its personnel;

   (d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

   (e) the author of the document or the original source of the information or a recipient of the document as indicated thereon.

  7.4 <u>Procedures for Approving Disclosure of Protected Material or Items to "Experts"</u>

   (a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Stipulated Protective Order) any information or item that has been designated as Protected Material, by another party, first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (4) identifies (to the extent known to the Expert, the name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

   (b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

Stipulated Protective Order    CO5 00686 SBA

311267.1
1-PA/3549853.2

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce the risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

Stipulated Protective Order                                  C05 00686 SBA

311267.1
1-PA/3549853.2                                    11

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

In applications and motions to the Court, all submissions of Designated Material shall be filed with the Court pursuant to Civil L.R. 79-5 in sealed enclosures on which shall be affixed the title of the particular action, an indication of the nature of their contents, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

THIS ENVELOPE CONTAINS CONFIDENTIAL MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE

PUBLIC, EXCEPT BY ORDER OF THE COURT.

11. <u>FINAL DISPOSITION.</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery. This Protective Order is intended to provide a mechanism for the handling of confidential

Stipulated Protective Order                    CO5 00686 SBA

1  information to which there is no objection to producing or disclosing other than as to its
2  confidentiality.
3     12.4   Nothing in this Protective Order shall bar or otherwise restrict any
4  attorney herein from rendering advice to his client with respect to this litigation and, in the
5  course thereof, relying in a general way upon his examination of "HIGHLY
6  CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material
7  produced or exchanged herein; provided, however, that in rendering such advice and in
8  otherwise communicating with his client, the attorney shall not violate this Protective Order
9  by disclosing the contents of or the source of any "HIGHLY CONFIDENTIAL --
10 ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material produced by the other party
11 herein and designated by such producing party as being "HIGHLY CONFIDENTIAL --
12 ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," unless otherwise permitted by this
13 Protective Order.
14    12.5   The restrictions on dissemination of information contained herein shall
15 not apply to information which, prior to disclosure hereunder, is either in the possession or
16 knowledge of the inspecting party or person who, absent this Protective Order is under no
17 restriction with respect to the dissemination of such information, or to information which is
18 public knowledge or which, after disclosure, becomes public knowledge other than through
19 an act or omission of a party receiving the information designated under this Protective
20 Order.
21    12.6   The Court shall retain jurisdiction to resolve any dispute concerning the
22 use of information disclosed hereunder.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: September 21, 2005

3                                    MARTIN R. GLICK (No. 40187)
                                     SIMON J. FRANKEL (No. 171552)
4                                    HOWARD RICE NEMEROVSKI CANADY
                                          FALK & RABKIN
5                                    A Professional Corporation

6                                    MORTON AMSTER (pro hac vice)
                                     ANTHONY F. LO CICERO (pro hac vice)
7                                    CHARLES R. MACEDO (pro hac vice)
                                     AMSTER, ROTHSTEIN & EBENSTEIN LLP
8                                    90 Park Avenue
                                     New York, New York 10016
9
10                                   By: _____
                                              SIMON J. FRANKEL
11
                                     Attorneys for Defendants and Counter-Claimants
12                                   VICTOR COMPANY OF JAPAN, LTD., and JVC
                                     COMPONENTS (THAILAND) CO., LTD., and
13                                   Defendants AGILIS INC. and AGILIS
                                     TECHNOLOGY INC.
14
         September 21, 2005
15                                   FRANKLIN BROCKWAY GOWDY (No. 47918)
                                     THOMAS D. KOHLER (No. 207917)
16                                   MORGAN, LEWIS & BOCKIUS LLP
                                     One Market, Spear Street Tower
17                                   San Francisco, CA 94105-1126

18                                   DAVID C. BOHRER (No. 212397)
                                     MICHAEL J. LYONS (No. 202284)
19                                   MORGAN, LEWIS & BOCKIUS LLP
                                     2 Palo Alto Square
20                                   3000 El Camino Real, Suite 700
                                     Palo Alto, CA 94306-2212
21
                                     By: _____
22
                                     Attorneys for Plaintiff/Counterclaim Defendant
23                                   NIDEC CORPORATION

24
25  PURSUANT TO STIPULATION, IT IS SO ORDERED.

        March 7, 2006
26  DATED: ~~September ___, 2005~~
                                     _____
27                                   ~~Honorable~~ Edward M. Chen
                                     ~~United States District Judge~~ Magistrate Judge
28                                   Stipulated Protective Order                    C05 00686 SBA

311267.1
1-PA/3549853.2                           15

*IT IS SO ORDERED — Judge Edward M. Chen, United States District Court, Northern District of California*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of Nidec Corporation v. Victor Company of Japan, Ltd., et al., Case No. C05 00686 SBA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
              [signature]

Stipulated Protective Order          C05 00686 SBA

311267.1
1-PA/3549853.3