1  MARTIN R. GLICK (No. 40187)
   Email: mglick@howardrice.com
2  BOBBIE J. WILSON (No. 148317)
   Email: bwilson@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4024
   Telephone:   415/434-1600
6  Facsimile:   415/217-5910

7  MORTON AMSTER (Admitted *pro hac vice*)
   ANTHONY F. LO CICERO (Admitted *pro hac vice*)
8  CHARLES R. MACEDO (Admitted *pro hac vice*)
   AMSTER ROTHSTEIN & EBENSTEIN LLP
9  90 Park Avenue, 21st Floor
   New York, New York 10016-1463
10 Telephone:   212/336-8000
   Facsimile:   212/336-8001
11
   Attorneys for Defendants and Counter-Plaintiffs
12 VICTOR COMPANY OF JAPAN, LTD. and JVC
   COMPONENTS (THAILAND) CO., LTD. and
13 Defendants AGILIS INC. and AGILIS TECHNOLOGY
   INC.
14
                    UNITED STATES DISTRICT COURT
15
                    NORTHERN DISTRICT OF CALIFORNIA
16
                            OAKLAND DIVISION
17

| | |
|---|---|
| NIDEC CORPORATION, | No. C05 00686 SBA (EMC) |
| Plaintiff, | Action Filed: February 15, 2005 |
| v. | ORDER GRANTING MOTION OF JVC AND JCT SEEKING LEAVE TO AMEND JVC'S COUNTERCLAIM |
| VICTOR COMPANY OF JAPAN, LTD., JVC COMPONENTS (THAILAND) CO., LTD., AGILIS INC. and AGILIS TECHNOLOGY INC., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

ORDER GRANTING JVC'S AND JCT'S LEAVE TO AMEND COUNTERCLAIM                    C05 00686 SBA (EMC)

Having read and considered the arguments presented by the parties in their papers, and good cause appearing, the Court finds that JVC's and JCT's Motion Seeking Leave To Amend JVC's Counterclaim should be granted.

As a result of depositions of Nidec Corporation's Rule 30(b)(6) witnesses in late March 2006 and an amended interrogatory response by Nidec Corporation on April 26, 2006, JVC learned that additional specific accused Nidec Spindle Motors potentially infringe at least Claim 1 of the JVC '973 Patent, and that two subsidiaries of Nidec Corporation, Nidec America Corporation ("Nidec America") and Nidec Singapore PTE Ltd. ("Nidec Singapore"), are involved in the sale of the accused Nidec Spindle Motors.

Upon learning this new information, JVC drafted a [Proposed] Answer, Affirmative Defenses and First Amended Counterclaims to specifically identify the additional accused Nidec Spindle Motors and to join Nidec America and Nidec Singapore as Counter-defendants in JVC's Counterclaim (Count I). In accordance with Fed. R. Civ. P. 15(a), JVC sought written consent from Nidec Corporation to file the proposed Amended Counterclaim. Nidec Corporation had consented to the filing of the proposed Amended Counterclaim to the extent that it specifically identified additional accused Nidec Spindle Motors. However, Nidec Corporation had refused to consent to the filing of the proposed Amended Counterclaim to the extent that it joins Nidec America and Nidec Singapore as Counter-defendants to the present Action. JVC and JCT therefore brought this Motion seeking leave of Court to amend JVC's Counterclaim to identify additional accused products and join Nidec America and Nidec Singapore as Counter-defendants.

Leave to amend should be freely given when justice so requires. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). JVC and JCT have persuaded the Court that leave to Amend JVC's Counterclaim pursuant to Fed. R. Civ. P. 15(a) is appropriate and justified. The court did not find prejudice, undue delay, bad faith or dilatory motive, or futility of amendment. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). From the beginning of this

Action, JVC has consistently sought discovery from Nidec Corporation, as well as its subsidiaries and divisions, which include Nidec Singapore and Nidec America. Any additional discovery resulting from joining Nidec Singapore and Nidec America as Counter-defendants should be minimal, will need to be conducted in any event, and can be accommodated within the time remaining before the close of fact discovery. Moreover, Nidec Singapore and Nidec America, are wholly-owned subsidiaries of Nidec Corporation and are already participating in Nidec Corporation's defense to date.

Accordingly,

IT IS HEREBY ORDERED THAT JVC's and JCT's Motion Seeking Leave To Amend JVC's Counterclaim to identify additional Nidec Spindle Motors and to join Nidec America Corporation and Nidec Singapore PTE Ltd. is GRANTED.

IT IS SO ORDERED.

Dated this 26TH day of JUNE, 2006.

*Saundra B. Armstrong*
SAUNDRA B. ARMSTRONG
United States District Judge