DAVID C. BOHRER, SBN 212397
dbohrer@morganlewis.com
MICHAEL J. LYONS, SBN 202284
mlyons@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001

Attorneys for Plaintiff and Counter-defendant
NIDEC CORPORATION and
Counter-defendants NIDEC AMERICA
CORPORATION and NIDEC SINGAPORE
PTE, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NIDEC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR COMPANY OF JAPAN, LTD., JVC COMPONENTS (THAILAND) CO., LTD., AGILIS INC., and AGILIS TECHNOLOGY INC.,<br><br>    Defendants,<br><br>NIDEC AMERICA CORPORATION and NIDEC SINGAPORE PTE, LTD.,<br><br>    Additional Defendants<br>    on the Counterclaims. | Case No. C05 00686 SBA (EMC)<br><br>**ORDER ON CLAIM CONSTRUCTION**<br><br>**Honorable Saundra B. Armstrong** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

353075.2
1-PA/3611395.1

[PROPOSED] ORDER ON CLAIM CONSTRUCTION
(C05 00686 SBA (EMC))

1  WHEREAS the Court has considered the briefs, exhibits and other papers submitted by
2  the parties regarding the construction of disputed claim terms in Nidec's '309, '394 and '476
3  patents and JVC's '973 counterclaim patent, received technology tutorials, heard oral arguments
4  on claim construction on October 11, 2006, and for good cause showing, including without
5  limitation the reasons set forth by the Court during the hearing:
6  IT IS HEREBY ORDERED that the meaning given said disputed terms by the Court at
7  the October 11, 2006 hearing are as follows (the terms are listed in the same order that they were
8  argued before the Court):

| Term to be construed | Court's Construction |
|---|---|
| 1. "a tapering space section being positioned adjacent to at least one of said radial bearing sections formed in an outer shaft direction" ('309 patent, claim 1) | A tapering space section positioned close to at least one of said radial bearing sections and positioned on the outside of the radial bearing section in the axial direction. |
| 2. "a tapering space section which is formed in the axial direction on at least one of a top side and a bottom side of said radial bearing section" ('309 patent, claim 3) | A tapering space section which is formed in an axial direction on at least one of a top side or a bottom side of said radial bearing section. |
| 3. "a minimum space in said tapering space section is formed at an inner end of said tapering space section on said radial bearing section side and a maximum space in said tapering space section is formed at an outer end of said space tapering section [which/and] is on an opposite side of said radial bearing" ('309 patent, claims 1 and 3) | A minimum space in said tapering space section is formed at the inner end of the tapering space section nearest the radial bearing section and a maximum space in said tapering space section is formed at the outer end of the tapering space section farthest from the radial bearing section. |
| 4. "a total sum of cross-sectional areas of said fluid circulating passage in a direction perpendicular to a flowing direction of the lubricating fluid is set to be not less than 3/1000 and not more than 1/50 of an area of the radial regions where said dynamic-pressure generating mechanism extends" ('394 patent, claim 1) | The cross-sectional areas of each fluid circulating passage are summed up (i.e., "the Total Sum"). The cross-sectional area of each fluid circulating passage is calculated in a direction that is perpendicular to the flow of the lubricating fluid. The planar surface area of a side on which the dynamic pressure generating grooves extend is determined based on the radial region defined by connecting the radially inner and outer peripheral ends of the dynamic pressure generating grooves (i.e., "the Area"). The Total Sum divided by the Area is fixed to be within the range of at least 3/1000 and no more than 20/1000. "Fixed to be" does not require an explicit specification of the range. |

| | | |
|---|---|---|
| 5. | "a region located radially inwardly of an imaginary inner peripheral circle connecting innermost peripheral ends of the radial regions where said dynamic-pressure generating mechanism extends" ('394 patent, claim 1) | A region which is located radially inwardly of an imaginary circle.  The imaginary circle is formed by connecting the radially innermost peripheral ends of the dynamic-pressure generating grooves. |
| 6. | "notching a portion of said thrust plate for being secured to said bearing member, which is an innermost peripheral portion of said thrust plate" ('394 patent, claim 2) | [phrase is left unconstrued and the Court will not correct the error]. |
| 7. | "press-fit" and its derivatives "press-fitted" and "press-fitting" ('476 patent, claims 1 and 5) | A force-fit that has a negative allowance. |
| 8. | "rotatable spindle" ('973 patent, claim 1) | A shaft, rod or pin that can rotate. |
| 9. | "magnet provided on an inner surface of said hub" ('973 patent, claim 1) | A magnet in contact with an inner surface of the hub. |
| 10. | "applying an insulation member plastic-molded integrally on said Ni metal layer" ('973 patent, claim 1) | Covering said nickel metal layer with a layer of plastic-insulating material such that the layer of plastic-insulating material fits integrally with the contours of said nickel metal layer. |

IT IS SO ORDERED.

Dated: _10/24/06

_____
Hon. Saundra B. Armstrong
United States District Court Judge

Approved as to form without waiver of objections:

Dated: October 20, 2006

MORGAN, LEWIS & BOCKIUS LLP
FRANKLIN BROCKWAY GOWDY
THOMAS D. KOHLER
DAVID C. BOHRER
MICHAEL J. LYONS
DION M. BREGMAN

By: /s/ David C. Bohrer
David C. Bohrer
Attorneys for Plaintiff and Counter-defendant NIDEC CORPORATION and Counter-defendants NIDEC AMERICA CORPORATION and NIDEC SINGAPORE PTE, LTD.

| | |
|---|---|
| Dated: October 20, 2006 | HOWARD RICK NEMEROVSKI CANADY FALK & RABKIN |
| | MARTIN R. GLICK, SBN 40187<br>BOBBIE J. WILSON, SBN 148317 |
| | AMSTER, ROTHSTEIN & EBENSTEIN LLP |
| | MORTON AMSTER (*pro hac vice*)<br>ANTHONY F. LO CICERO (*pro hac vice*)<br>CHARLES R. MACEDO (*pro hac vice*)<br>DAVID A. BOAG (*pro hac vice*) |
| By: | /s/ Anthony F. Lo Cicero<br>Anthony F. Lo Cicero |
| | Attorneys for Defendants and Counter-plaintiffs VICTOR COMPANY OF JAPAN, LTD. and JVC COMPONENTS (THAILAND) CO., LTD. and Defendants AGILIS INC., and AGILIS TECHNOLOGY INC., |