UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIDEC CORPORATION, | No. C-05-0686 SBA (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EMERGENCY MOTION RE DISCOVERY** |
| VICTOR COMPANY OF JAPAN, *et al.*, | |
| Defendants. | **(Docket No. 449)** |

Having considered the parties' briefs and accompanying submissions, as well the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part JVC's emergency motion regarding discovery. More specifically, the Court hereby rules as follows.

First, the Court orders Nidec to produce the settlement agreement and all documents including correspondence related thereto. Nidec does not dispute that the documents are relevant. Its only contention is that it cannot produce the documents without a court order based on the terms of the cross-license agreement and the settlement. This order disposes of that argument. Nidec shall produce the documents at issue by February 26, 2007. On the same day, Nidec shall serve a declaration on JVC, certifying that all responsive documents within its possession, custody, or control (broadly construed as the Court indicated at the hearing) have been produced. The Court does not at this time make any ruling as to whether JVC needs any follow-up discovery (*e.g.*, depositions) once the documents are produced. The parties are reminded of the proportionality requirements of Rule 26(b)(2). The parties should meet and confer regarding discovery keeping in

mind that discovery deadlines may be extended in conjunction with Nidec's motion for leave to amend its final infringement contentions.

Second, Nidec shall serve a declaration on JVC, certifying that Sankyo had no FDB motors sales beyond the sales identified in Gomyo Deposition, Exhibit 9.

JVC's request to preclude Nidec from relying on the settlement agreement is therefore denied without prejudice to the request being renewed should Nidec not comply with reasonable discovery obligations.

If there are any further discovery disputes in this case, lead trial counsel shall meet and confer in person before filing any motion or request with the Court.

This order disposes of Docket No. 449.

IT IS SO ORDERED.

Dated:  February 15, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

2