UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIDEC CORPORATION, | No. C-05-0686 SBA (EMC) |
|     Plaintiff, | |
|     v. | **ORDER RE PARTIES' JOINT LETTER OF JULY 24, 2007** |
| VICTOR COMPANY OF JAPAN, *et al.*, | **(Docket No. 761)** |
|     Defendants. | |
| _____/ | |

    On July 24, 2007, the parties filed a joint letter addressing Nidec's contention that JVC should be compelled to produce the following documents: (1) a litigation abstract, (2) the larger document from which the abstract was "lifted," (3) all documents referenced therein, and (4) all other documents related to JVC's perceptions of settlement positions, the parties' claims, and JVC's assessment of the case at that time. Having considered the joint letter and all other evidence of record, the Court hereby **DENIES** Nidec's motion to compel.

    The starting point of the Court's analysis is the litigation abstract. At the hearing on the motions to quash, JVC clarified for the first time that the litigation abstract was *not* specifically prepared by JVC for prospective buyers (in which case the document would simply have a business purpose and not a litigation purpose). Rather, the litigation abstract is an excerpt of a larger document previously prepared by JVC counsel because of Nidec's claims of patent infringement. In the joint letter, JVC further clarifies that the larger document was a PowerPoint presentation and was prepared shortly after the instant litigation began by in-house JVC counsel at the direction of outside counsel.

Under these circumstances, the litigation abstract -- as well as the larger document of which it was a part -- is work product. The litigation abstract was prepared in anticipation of litigation by and for JVC. *See* Fed. R. Civ. P. 26(b)(3). Moreover, because counsel for JVC prepared the litigation abstract, it is more than likely that the document constitutes opinion work product. *See id.* (noting that, "[i]n ordering discovery of [work product] when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation").

Nidec contends that, even if the litigation abstract were work product, that privilege was waived when JVC distributed the document to prospective buyers. For work product, "protection is waived where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information." *United States v. Bergonzi*, 216 F.R.D. 487, 497 (N.D. Cal. 2003). According to Nidec, JVC and the prospective buyers were adversaries because the two had opposing interests, and so the work product privilege was waived.

While JVC and the prospective buyers undoubtedly had different interests with respect to the purchase and sale of the majority interest in JVC, this did make JVC and the prospective buyers adversaries for purposes of work product analysis. Even if the presence of an adversarial relationship does not depend on the existence of litigation, *see In re Syncor ERISA Litig.*, 229 F.R.D. 636, 646 n.8 (C.D. Cal. 2005), for parties to be adversaries, there must be at the very least a potential for litigation between them. *See id.* ("Here, there is no doubt that, in the context of Syncor's illegal activity, the Government was Syncor's adversary."). Thus, for example, "[i]n *McMorgan* [*& Co. v. First Cal. Mortg. Co.*, 931 F. Supp. 703 (N.D. Cal. 1996)], the court found work product protection waived where McMorgan, the disclosing party, shared its information with the DOL in connection with its investigation of potential violations of the Employee Retirement Income Security Act because there was the potential that McMorgan was the target of DOL investigation as the investment manager for pension trust funds." *Bergonzi*, 216 F.R.D. at 497-98. In the instant case, there is insufficient evidence to demonstrate that JVC and the prospective buyers were adversaries because, at the time of the disclosure, litigation between the parties was nothing but the remotest of possibilities.

The only question therefore is whether the disclosure by JVC to the prospective buyers "substantially increased" the likelihood that the work product would fall into the hands of Nidec. Both Nidec and JVC agree that this is the proper standard. *See* Joint Letter at 3, 7 (citing *Bank Brussels Lambert v. Credit Lyonnais*, 160 F.R.D. 437, 448 (S.D.N.Y. 1995) (using the "substantially increase" language); *Goff v. Harrah's Operating Co.*, 240 F.R.D. 659, 661 (D. Nev. 2007) (same)); *see also United States v. AT&T Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("The purpose of the work product doctrine is to protect information against opposing parties, rather than against all others outside a confidential relationship, in order to encourage effective trial preparation."); *Bank Brussels Lambert*, 160 F.R.D. at 448 ("Here, disclosure of the Coudert Letter or the Dinell Memorandum to the Bank Group would not have increased the probability that Mr. Wells, the presumed adversary, would obtain them, and therefore no waiver of work product protection occurred."); Wright & Miller, Fed. Prac. & Proc. § 2024 ("[T]he purpose of the work-product rule is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials.") (internal quotation marks omitted).

The Court concludes that the disclosure of the litigation abstract to the prospective buyers did not substantially increase the likelihood that the document would fall into the hands of Nidec. The documents in the data room that were made available to the prospective buyers -- including the litigation abstract -- were only made accessible to prospective buyers that entered into a confidentiality agreement. Furthermore, technological security measures were used to protect the documents in the data room. Given these facts, the disclosure of the litigation abstract did not constitute a waiver of the work product privilege.

///
///
///
///
///
///

1  Accordingly, the Court shall not compel JVC to produce to Nidec, either the litigation
2  abstract, the larger document from which the litigation abstract was "lifted," the documents
3  referenced therein, or any other documents related to JVC's perceptions of settlement positions, the
4  parties' claims, and JVC's assessment of the case at that time.
5  This order disposes of Docket No. 761

7  IT IS SO ORDERED.

9  Dated: July 26, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge