UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIDEC CORPORATION, | No. C-05-0686 SBA (EMC) |
| Plaintiff, | |
| v. | **ORDER RE PARTIES' JOINT LETTER OF AUGUST 8, 2007** |
| VICTOR COMPANY OF JAPAN, *et al.*, | **(Docket No. 769)** |
| Defendants. | |

The parties have filed a joint letter, dated August 8, 2007, regarding yet another discovery dispute. This dispute concerns Dr. I.Y. Shen, who is JVC's testifying technical expert. Nidec seeks documents in Dr. Shen's possession related to his work in a prior litigation (not involving JVC) about fluid dynamic spindle motors for hard disk drives, the technology at issue here. Nidec also seeks deposition testimony on the work that Dr. Shen did in the prior litigation. Having considered the parties' joint letter, the Court hereby rules as follows.

## I. DISCUSSION

JVC makes three arguments as to why information related to Dr. Shen's work in the prior litigation should not be disclosed.

First, it contends that Dr. Shen's work in the prior litigation is protected by the work product privilege. Even if JVC had standing to assert the privilege (and it is not clear that JVC has such standing), the argument fails on the merits. While the work product privilege can extend to subsequent litigation, *see Doubleday v. Ruh*, 149 F.R.D. 601, 605 (C.D. Cal. 1993) (noting that, in *FTC v. Grolier, Inc.*, 462 U.S. 19 (1983), the Supreme Court held that the work product doctrine

applied to a subsequent litigation even though the prior litigation had ended six years earlier), "one condition of later protection is that the protected materials must have been 'prepared by or for a party to the subsequent litigation.'" *Id.* Here, the third party who retained Dr. Shen in the prior litigation is not a party to the instant litigation. *See In re Subpoena Served on Cal. Public Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) (concluding that the work product privilege is limited to protecting "one who is a party (or a party's representative) to the litigation in which discovery is sought"); *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2006 WL 2734284, at *2 (N.D. Cal. Sept. 25, 2006) (noting that "[a]ny protection that the DA's Office enjoyed under the work-product doctrine in [another case] does not necessarily extend to the instant case" where neither the DA's Office nor the People of the State of California, whom the DA's Office represented, was a party to the instant action); *Boyd v. City & County of San Francisco*, No. C-04-5459 MMC (JCS), 2006 WL 1141251, at *4 (N.D. Cal. May 1, 2006) (concluding that the work product doctrine did not apply to prosecutorial files maintained by the DA because the DA was not a party to the instant litigation). While perhaps there may be a debate in the law as to whether the work product privilege is extinguished with the termination of litigation, there is no dispute that only the party for whom the product was prepared may assert the privilege in subsequent litigation. *Jaffe Pension Plan v. Household International, Inc.*, 237 F.R.D. 176, 182 (N.D. Ill. 2006), does not hold to the contrary.

Second, JVC asserts that the information related to Dr. Shen's work in the prior litigation is protected under Federal Rule of Civil Procedure 26(b)(4)(B). Under the rule, "[a] party may . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only . . . upon a showing of exceptional circumstances . . . ." Fed. R. Civ. P. 26(b)(4)(B). JVC points out that Dr. Shen was a nontestifying expert in the prior litigation. The problem with this argument, as highlighted by Nidec, is that the facts known or opinions held by Dr. Shen which Nidec seeks to discover "were not developed for *this* lawsuit, and more importantly, were not developed for the use of [*JVC*]." *Sullivan v. Sturm, Ruger & Co.*, 80 F.R.D. 489, 491 (D. Mont. 1978) (emphasis added). Rule 26(b)(4)(B) has no application to *this* litigation.

Finally, JVC argues that the information related to Dr. Shen's work in the prior litigation cannot be disclosed because he signed a confidentiality agreement with his employer in the prior litigation. This argument is not compelling since JVC has not cited any authority that the Court cannot override the confidentiality agreement -- especially if it were to place limits on the disclosure of the information in this litigation. Nor has it been demonstrated that the confidentiality agreement signed by Dr. Shen does not contain a typical provision allowing for disclosure where ordered by a court.

However, in the interest of justice, the Court shall not order production of documents or a deposition by Dr. Shen with respect to his work in the prior litigation without first giving IMS and/or its ultimate client in the prior litigation an opportunity to present an argument as to why the confidentiality agreement should bar the Court from ordering (1) production of documents in Dr. Shen's possession related to the prior litigation and (2) a deposition of Dr. Shen on the subject matter of his work in the prior litigation.

For the foregoing reasons, the Court defers ruling on Nidec's motion to compel so that IMS and/or its client has an opportunity to present an argument as to why the confidentiality agreement signed by Dr. Shen should prevent disclosure in the instant case.

JVC shall serve a copy of this order so that it is received by IMS and/or its client no later than August 20, 2007. Because of this timeframe, service by facsimile or e-mail shall be permitted. IMS and/or the client shall thereafter have until August 23, 2007, to file and serve a letter brief on the issue specified above. Absent a contrary showing by IMS and/or its client, the Court intends to grant Nidec's request.

IT IS SO ORDERED.

Dated: August 14, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge