UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIDEC CORPORATION,

        Plaintiff,

  v.

VICTOR COMPANY OF JAPAN, *et al.*,

        Defendants.
_____/

No. C-05-0686 SBA (EMC)

**ORDER RE IMS'S LETTER OF AUGUST 23, 2007**

**(Docket Nos. 769, 772, 773)**

        Previously, the Court issued an order stating that it would not order production of documents or a deposition by Dr. Shen with respect to his work in the prior litigation without first giving IMS and/or its ultimate client in the prior litigation an opportunity to present an argument as to why the confidentiality agreement should bar the Court from ordering (1) production of documents in Dr. Shen's possession related to the prior litigation and (2) a deposition of Dr. Shen on the subject matter of his work in the prior litigation.

        On August 23, 2007, IMS submitted a letter asking that the Court not order disclosure of documents or information. Having reviewed the letter from IMS, as well as Nidec's responsive letter, the Court concludes that disclosure should be made and therefore **GRANTS** Nidec's motion to compel (Docket No. 769).

        First, in its prior order, the Court already held that the work product privilege and protections provided by Federal Rule of Civil Procedure 26(b)(4)(B) did not apply to the instant litigation. IMS has not presented any new argument that persuades the Court to the contrary.

Second, IMS has not cited any authority that the Court cannot override the confidentiality agreement between itself and Dr. Shen. The authority that contracts are enforced by courts is unremarkable and not at issue here. The question before this Court is whether a contract between two parties can preempt a discovery order of the Court involving discovery rights of a third party. IMS fails to cite any authority on this point.

To be sure, IMS rightly points out there are contractual expectation interests and potential proprietary information which should concern the Court. But as Nidec points out, the IMS agreement with Dr. Shen permits disclosure of information to "those with a need to know who are bound by a duty to keep such information confidential." The discovery needs of the instant case and the protective order herein satisfies those criteria. Moreover, the sensitive proprietary information is safeguarded by the protective order herein.

Accordingly, the Court grants Nidec's motion to compel. The information disclosed by Dr. Shen shall be subject to the highest-level confidentiality designation (*i.e.*, attorney's eyes only). Nidec and JVC should meet and confer to discuss scheduling of production and the deposition..

Upon receipt of this order, JVC shall immediately serve a copy of the order on IMS.

This order disposes of Docket Nos. 769, 772 and 773.

IT IS SO ORDERED.

Dated: August 28, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge